# United States Court of Appeals for the Fifth Circuit

---

No. 22-50875
CONSOLIDATED WITH
No. 22-50876

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GENARO PERCHEZ-HERNANDEZ,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-315-1, 4:19-CR-441-2

---

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Genaro Perchez-Hernandez appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2), as well as the judgment revoking his term of supervised release for a prior

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50875
c/w No. 22-50876

offense. The latter challenge is unbriefed and thus abandoned. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).

On appeal, Perchez-Hernandez contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although Perchez-Hernandez acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review and has filed an unopposed motion for summary affirmance.

Because Perchez-Hernandez is correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019), summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, Perchez-Hernandez's motion is GRANTED, and the district court's judgments are AFFIRMED.